UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ABDELLAHI CHERIVE,

        Petitioner,                       Case No. 1:26-cv-1058

v.                                        Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.19–20.)

In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the March 12, 2026, bond hearing on April 7, 2026, (Resp., ECF No. 5; Recording of Mar. 12, 2026, Bond Hearing, filed on Apr. 7, 2026.) Petitioner filed his reply on April 9, 2026. (Reply, ECF No. 6.)

## II.      Relevant Factual Background

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, PageID.7.) On August 26, 2025, Petitioner was arrested by ICE for violating the Alternatives to Detention Program (ATD) on five occasions. (Resp., ECF No. 5, PageID.74.)

On February 21, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Cherive v. Raycraft* (*Cherive I*), No. 1:26-cv-593 (W.D. Mich.). In *Cherive I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Cherive I*, (W.D. Mich. Mar. 5, 2026), (ECF Nos. 6, 7).

On March 12, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 1-2, PageID.25.) At that hearing, the government presented a Form I-213, which reflected that Petitioner had five violations of his Alternative to Detention Program (ATD). (Form I-213, ECF No. 5-3, PageID.89). At the conclusion of the March 12, 2026, bond hearing, the Immigration Judge denied Petitioner's request for bond. The Immigration Judge's Order stating:

> Denied, because[:]
>
> [Petitioner] failed to show he is not a flight risk. While [Petitioner] was previously on bond and on alternatives to detention, he has five separate violations for failure to report.

(Immigration Judge Order, ECF No. 5-5, PageID.93.) The recording of the bond hearing reflects the Immigration Judge's decision regarding Petitioner's request for bond. (Recording of Mar. 12, 2026, Bond Hearing, filed on Apr. 7, 2026.)

2

On March 25, 2026, the Detroit Immigration Court denied Petitioner's asylum application, denied withholding of removal, and ordered that Petitioner be removed to Mauritania. (Order of Immigration Judge, ECF No. 5-6, PageID.95–97.) Petitioner waived his right to appeal the order of removal to the Board of Immigration Appeals (BIA). (*Id.*, PageID.98.)[1]

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Merits Discussion

In this case, because Petitioner did not appeal his order of removal to the BIA, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration

---

[1] The Court notes that based on the publicly available information on the ICE Online Detainee Locator System website, it is not clear if Petitioner is still in the United States. However, the parties have not advised the Court that Petitioner was removed from the United States. As set forth herein, to the extent that Petitioner has not yet been removed, because Petitioner has an administratively final order of removal, Petitioner's detention is governed by 8 U.S.C. § 1231 and Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention.

of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, the Immigration Court entered an order of removal on March 25, 2026, and Petitioner waived his right to appeal the order of removal to the BIA. Therefore, at this time, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231 (a)(2)(A).

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice. (ECF No. 1.)

Dated:        May 4, 2026                              /s/ Jane M. Beckering
                                                       Jane M. Beckering
                                                       United States District Judge